Case number 17-3885, IUE-CWA et al. v. GE, argument not to exceed 15 minutes per side. Mr. Kennedy, you may proceed for the appellant. Good morning, Your Honor. I'd like to reserve two minutes for the rebuttal. May it please the Court. My name is Tom Kennedy. I'm with the firm of Cohen, Weiss & Simon from New York City. And we have the honor of representing the plaintiffs and appellants in this case. And our first obligation is to acknowledge that the legal scape governing the question of retiree health care benefits, both nationally and in this circuit, has substantially changed, not only from the filing of this case, but indeed since the filing of these briefs. And, of course, I refer to the Supreme Court opinions in Reese, Kelsey Hayes, and Cooper v. Honeywell. And the obligation we have, and we accept it willingly, is to demonstrate to you that there remains a plausible and reasonably susceptible to interpretation that retiree medical benefits are for life under this collective bargaining agreement, which is the issue before you, how to construe the GE collective bargaining agreement. And we'd suggest to you that there is one particularly key distinction between the GE collective bargaining agreement and the others that have been considered both by the Sixth Circuit and elsewhere. And it has to do with the specific durational clause that appears in the pension and insurance agreement, which, as you may know from other collective bargaining cases, typically unions, large unions, industrial unions, negotiate a labor agreement and there's a companion pension and insurance agreement. In this case, that agreement appears in the record as 46-3. And at Title I, Section 7, appears under Paragraph B the language under which GE describes the health plans applicable to employees and including retirees. And when I refer to retirees, I'm referring to the GE life, disability, and medical plan, which has two of the four pensioner plans that are the subject of today's case, and the GE Medicare insurance plan for Part B benefits, and the GE pensioner's hospital indemnity plan. So all of the retiree plans are included with the language which says that neither the GE life, disability, and medical plan nor the other plans shall be amended or terminated by the company so long as this agreement remains in effect. And based on the existing case law, were that to be the final word on this matter, we would concede that we would be unable to carry our burden. But in this case, that language is amended by the following phrase, quote, all to the extent applicable to employees, close quotes. And that is a very important distinction because we know from this agreement that retirees are not deemed to be employees so that this reservation of rights to change the plan after the agreement is no longer in effect is not an agreement that allows GE to change the plan for retirees. And we know that in part because the pension and insurance agreement at Title I, Section A, states it's the term employees as used herein means, unless otherwise clearly indicated, all GE company employees as long as they are within a bargaining unit for which the union or local is or may hereafter be the exclusive collective bargaining agent. And it is a bedrock principle of labor law that retirees are not within the collective bargaining unit that is referenced by the term employees. So when we get to Section 7 of this agreement that refers to the right to change, rather to amend or terminate the agreement after the agreement is no longer in effect, the fact that that is only applicable to employees and is not applicable to retirees differentiates this case in a material way from all of the other opinions that have been delivered to date. And the consequence, it seems to me, of the cases that have been delivered to date is to take many of the clauses which do in one way or another suggest lifetime status, and the Supreme Court in this court has said you can, in essence, append to those provisions the phrase as long as this agreement is in effect because they're applying the general and specific durational clauses. You cannot do that with respect to this contract. Your opposing counsel argues that there are two of those or more than two of these provisions, one in the PIA and one in the collective bargaining agreement. Does the one in the collective bargaining agreement not make a difference to your argument? I don't think it does, Your Honor, for this reason, and we are referring to Title IV, Section 3 of the PIA has a second general durational clause which appears at page 20 of 46-3, and that reads that this agreement shall, subject to its terms, continue in full force and effect as to the company and the union and locals recognized, as provided in Article I of the GE National Agreement. Now, that to us harks back to that definition of employee in which it is the bargaining unit that is being subject to the expiration of the collective bargaining agreement, not retirees. Now, this is an instance where the company, if the company wanted that clause to apply to retirees, it could have said continues in full force and effect as to the company and the union and retirees who claim benefits under this agreement or any person who claims benefits under this agreement, they didn't do that. They restricted the expiration clause to the collective bargaining units, and retirees are not within the collective bargaining units, so in our view they are exempt not only from the specific durational clause for the plans but also the general durational clause that appears in the PIA. Now, we have another example that I think is useful in this case because if you look to Section 7A, Section 7A identifies the same rule with respect to the company's ability to amend or terminate plans, and that is referring to the pension plan, and it also says to the extent applicable to employees, and one of the points this Court has made and others have made is that there needs to be a parallelism between how the retiree medical benefits are treated and pension benefits. In this same language with respect to Section 7A and B, A referring to pension benefits, B referring to medical benefits, gives you the parallelism that allows us to argue that the agreement should be interpreted as providing for lifetime medical benefits. You know, the problem seems to be, John, to me, and I'm sure there's an explanation that you could provide to the contrary, with regard to these cases that have been coming down from the Supreme Court, Reese and Kelsey Hayes and Honeywell, the Supreme Court seems to be saying that, well, they're not saying, but I think the import maybe of the cases is that if you have to engage in interpretation of these collective bargaining agreements to arrive at a conclusion that there's the vesting of lifetime retiree health care benefits, then the pensioners do not get the lifetime health care benefits. In other words, the collective bargaining agreements have to expressly state that these lifetime retiree health care benefits are going to be provided, and the problem with the arguments to the contrary in your argument, as I see, is there has to be argument and interpretation of these various agreement provisions to get to the position that, well, maybe under this collective bargaining agreement under these set of agreements, the retirees are entitled to the benefits. But that sort of seems to be contrary to the tenor of the way these Supreme Court decisions are reading these days. Well, Your Honor, I understand the way you could make that point because of the specificity with which the Supreme Court and Kelsey rejected the attempt by the Sixth Circuit in Kelsey and then later in Reese and then later in Kelsey to find clauses that would be regarded as a presumption or a tool for getting around cases where there was a clear expiration date that did apply to the health benefits. What I would point you to, though, most specifically, and I'm referring to the Cooper v. Honeywell decision, where they said, to be sure there is no hard and fast rule that a provision, meaning a provision granting the opportunity to get retiree benefits, health benefits, cannot delineate eligibility for retiree benefits during the CBA's operation and also serve to vest benefits beyond the contract's duration. But to do so, either the contract, either the provision must say something more, for example, to have the language, quote, regardless whether this CBA expires before they reach that age, which I think is what Your Honor was referring to, or the rest of the sentences, or other clues must spring from the CBA supporting that intent. And I think our position here is that we do have other clues. We have a raft of other clues. It was the intention of the parties to create lifetime medical care. And in our view, since this was a 12B6 motion to dismiss, that this decision blow should be overturned. The case should be remanded. We should be able to develop the extrinsic evidence that would enable the court to make a final judgment on the party's intentions given ambiguities that are inherent in the contract. So I don't believe that it is accurate to state that if there is ambiguity, there is no opportunity to prove the entitlement to retiree health care. We think the recent Cooper v. Honeywell decision is clear that other clues can spring from the collective bargaining agreement on which plaintiffs can rely to establish the entitlement to retiree health care. And what are your best clues? The Supreme Court has frankly really narrowed what clues would be indications of the intent to vest by life. I think that's correct. Would those limitations also apply to your ability to show clues that the retirees are treated differently or don't you have to fit within that law? Well, we have to fit within the law given the way the Supreme Court works. But we have to recognize that this case is different from all of the other cases because of the restriction of the specific duration clause to only employees. We do not have the ability in the other cases to say, since the general duration clause or specific durational clause applies, that any clue that something might be lifetime in nature, like, for instance, we have agreements on lifetime maximum benefits that are sprinkled throughout these plans, the court under a case in which the general or specific durational clause applied would say, well, that's true, but it impliedly means until the contract expires. And we can't make that gratuitous addition of language in the GE contract because they've acknowledged that their right to terminate at the conclusion of the contract is limited to the plans to the extent they involve employees. I cannot stress how much in our view, obviously you have to agree with me, but in our view that takes this case out of the strictures under which the other cases have fallen. The Housing Council argues that what it really means is that there is no affirmative protection for the retirees. What is your response to that, that because there is not that limitation within the collective bargaining agreements or the PIA, then rather than presuming that the retirees therefore have it, the presumption is that the retirees therefore do not, and it could have been changed as to them all along. Why is that wrong? Well, I think it's wrong because Tackett was very clear that there should be no presumption either way. And bless the Sixth Circuit, they kept seeming to try to find it, but then the court has said to them you cannot do that, and we understand we're not sitting here saying there's a presumption that retiree benefits are lifetime in nature in a general way, but specifically with respect to this contract, we think since you can't use the durational clause argument, then you are entitled to use the ambiguities in the contract that do suggest lifetime coverage for retiree health care to infer that that was the agreement between the parties. None of these cases overrule the basic legal tenet that a contract is to be enforced as written, it's to be enforced to reflect the intention of the parties, all of the clauses have to be considered in making that determination, and we've said in our brief, and I can see I'm not going to have time to go over them now, there were a lot of these provisions that we felt supported an interpretation that lifetime care was appropriate. And in order to... What is the provision that authorizes the retirees to get into the plan? Is that not a part of the collective bargaining agreement? Yes, it is. Yes, it is, Your Honor. And again, it appears in Exhibit A, the provision states that GE shall make available the benefits that are identified in the GE life, disability, and medical plan, which incorporates the two pensioner plans as well, specifically identified as pensioner plans. So there's two, because there's four plans, there's actually two sort of granting language. Employee, okay. The first is the general electric, as I said, shall make available the benefits, and the benefits include the retiree benefits, and there's no limit on their ability or the time within which they make them available. Then with respect to the other two provisions, the language is that the company agrees it will make available to pensioners when they attain age 65 and after they have retired the, in this case, GE pensioner's hospital indemnity plan. And that same language appears in, with respect to the plan for Medicare Part B benefits. When they attain age 65 and after they've retired. Counselor, you might want to wrap things up. Your red light's been on for a good while there. I was only answering a question. I apologize, Your Honor. I think I've. If you could wrap it up. Yes. I would like to wrap up with the observation that the, in our briefs, there's a, we think, substantial argument that the reservation of rights language in this contract doesn't apply to retiree benefits just as the duration of clauses don't. If all of those things are as we say to you they should be, then we think it was a manifest error for the court to dismiss on 12B6 this complaint, which makes that a plausible claim for lifetime benefits. Thank you. Thank you. Good morning, Judge Clay. May it please the court. My name's Glenn Nager. I'm counsel for General Electric Company. We respectfully submit to the court that all indicia of contractual meaning support the district court's conclusion that GE's benefit plans and the applicable collective bargaining agreements cannot reasonably be construed to contain a promise of unalterable vested lifetime retiree health benefits for the retirees. The benefit plans themselves contain a full, complete reservation of rights, qualified only by the statement as otherwise provided in the collective bargaining agreements. The collective bargaining agreements, the provision that Mr. Kennedy has pointed to, only qualify that reservation of rights during the term of an agreement, not after the expiration of an agreement. His response is that those limiting paragraphs specifically apply only to employees, only to individuals within the bargaining unit, and that retirees are not. So help me understand how that doesn't place them in a different situation from employees. Because he's misreading both the underlying reservation of rights and ignoring it, and because he's misreading the qualification on the reservation of rights that's in the collective bargaining agreement. The underlying reservation of rights applies to the benefit plans. Those are the benefit plans that provide the benefits to the retirees, whether they're current or whether they're preexisting. And does the language of those paragraphs specify only employees? No. The reservation of rights, we quote it in full on page four of our brief. It appears in the LMD plan at the record page 840. And it says, this plan may be amended, suspended, or terminated by the GE Board of Directors in whole or in part at any time without limitation, except as may be otherwise provided in the collective bargaining agreements. And it goes on to make an exception for life insurance benefits and trust benefits, which I'll come to in a second. But the benefit plans, all four of them, have this otherwise unqualified. All four of the benefit plans for retirees have this unqualified reservation of rights. The only exception they make is as otherwise provided in a collective bargaining agreement. The collective bargaining agreement does contain one qualification. And it says that during the term of the agreement, notwithstanding any provisions in the underlying plan, to the extent that the plan is applicable to employees, it shall not be amended. It doesn't say to the extent that the plan is applicable to retirees, it shall not be amended. GE continued to have that right to change the plans as to retirees because that's what the basic underlying reservation of rights provides for. And the confirmation of that, of course, is the other qualification that exists in the underlying reservation of rights because it prevented GE from using its reservation of rights to change the life insurance benefits for its retirees or the death trust benefits for its retirees. And the practice, as manifested over time as each collective bargaining agreement expired, was that the parties negotiated new benefits, sometimes contracting, sometimes expanding. And each time, those new benefit plans were applied to everybody because once the agreement expired, this restriction on the ability of the company to change the plans expired. And GE had its underlying reservation of rights to change the benefits for retirees, whether yet retired or future retire or past retire, but it couldn't change the life insurance benefits or the death trust benefits. If that is accurate, why did the employer encourage individuals to go on and retire under the 2011 agreement with the, as I understood it, with the statement that they needed to take early retirement so that continued medical coverage, so that medical coverage would continue and that, in fact, many of the employees did take early retirement on the promise of continued health care benefits? Judge Strange, I have no idea. That's an allegation in the complaint. It's extrinsic evidence. We understand it's – I understand it's extrinsic. That's the problem. You all have been in this industry long enough to know when those contracts were negotiated, you all were in the world of Yard Man. And so the expectation during that time was that there would or could be ongoing lifetime benefits. We're no longer in that world. So now it's incumbent upon both parties to figure out how one exists in a world that has language in it that was negotiated under a very different understanding. So I'm asking you if they are alleging, and we are at a motion-to-dismiss level, and their allegation is you came to us and said, take early retirement so that you will have lifetime medical benefits and be protected, and these employees did, isn't that an indication that you believed that they would have lifetime medical? With all respect, Judge Strange, when GE negotiated its collective bargaining agreements with nine unions for 60,000 people around the country, Yard Man was one case in one circuit, and GE was negotiating national plans with regard to law across all circuits. So I don't think it's a correct premise to say that these collective bargaining agreements and these benefit plans should be construed against the sole legal background of Yard Man. That's fair. But we're in the Sixth Circuit now. I understand that we're in the Sixth Circuit. That's the law that this arena came out of. I understand that, and as I believe Judge Sutton's opinion in the Moen v. Gallo said, it's not, even within this circuit, there was a question so that it's not fair to use Yard Man as the background construct for even construing what's going on in the collective bargaining negotiations. I understand that that construct is no longer available. So my question still remains, though, if that's what has been told to employees within the Sixth Circuit, if that's the allegation that you must accept as true on a motion to dismiss, is there not an allegation that GE has in fact indicated the existence of continuing lifetime health care benefits because people were offered that in exchange for taking early retirement? First of all, remember that GE didn't eliminate retiree health benefits. It changed the way retiree health benefits are provided. GE is still spending money on retiree health benefits, and its retirees are still getting retiree health benefit coverage. We're talking about whether you accept all the allegations of a complaint at the motion to dismiss stage, and that's a no-brainer. Right. Of course, we have to accept them, but that doesn't make them material for purposes of the legal question that's before the court on a 12B6 motion. And on a 12B6 motion, the relevant question, as Judge Pearson recognized below, is whether or not the plans can be construed to confer an unalterable promise of lifetime retiree health benefits. And as to that, she was exactly right that, in fact, they cannot reasonably be construed that way because every indicia of meaning from the plans and from the collective bargaining agreements is that GE always reserved the right to change the benefits upon expiration of the collective bargaining agreements. And that's all GE did here. When the 2011 agreement ---- There's no dispute on notice. It was within the 90-60 day time frame. There's been no dispute on that. It's been admitted that at the expiration of every collective bargaining agreement,  Here the new agreement was reached, and for future retirees, there was a new plan put in place by agreement of the unions and GE, and for the past retirees, the unions didn't want to reach an agreement. So GE unilaterally implemented, as it was entitled to do, using its reservation of rights under the benefit plans. And so when we look at the ---- Even before the two most recent Supreme Court decisions and this Court's decision in the Cooper case, we have Judge Pearson's decision looking at these specific contracts and saying no reasonable person could construe these agreements as conferring an unalterable benefit for life. Why? Because they had specific and general durational clauses that limited the terms of the promise, every promise in the agreements, to the term of the agreement. They had a reservation of rights which is incompatible, this Court has said repeatedly, with a lifetime vesting claim that this ---- And your position is that the language is clear that that reservation of rights applies to everyone in the plans and does not by its terms apply only to employees? Correct, because the reservation of rights applies to the plans. The particular provision in the collective bargaining agreement is the provision that says that underlying provision is not applicable during the term of the agreement to the extent applicable to employees. It doesn't qualify the underlying reservation of rights as applicable to existing retirees. I don't know how you could write an agreement. So on that language you would say we could have changed the existing retirees a long time ago? Correct. GE always had that right. And obviously the unions knew how to write a provision to prevent GE from doing that because they did that with regard to the life insurance benefits and the death trust benefits. And as this Court has repeatedly said in Gallo and Cooper and consistently across these cases, that difference in language requires a difference in meaning. And the difference in practice also requires a recognition because across these collective bargaining agreements there was changes both, again, expanding benefits sometimes and contracting benefits at other times. And those were applied to the existing retirees, a practice that is completely inconsistent, as this Court recognized in the Serafino decision, inconsistent with the notion of vested benefits. And if we go back to the briefs that were written in this case, the argument for finding ambiguity in the agreement, each and every one of those arguments has now been disposed of by the Reese Supreme Court decision, by the displacement of the Kelsey-Hayes decision by the Grant-Vacay remand order, and by this Court's subsequent Cooper decision, which addresses each and every one of those kinds of arguments and says that those kinds of arguments are no longer legally appropriate to create ambiguity following the Supreme Court cases. Unless the Court has further questions. Apparently not. Thank you. Mr. Kennedy, any rebuttal? Yes, Judge, and thank you for the opportunity. I first want to address the question of the reservation of rights language. I did not mean to say, if I said, that the reservation of rights language is only limited to employees. It's the durational clauses that our view is only limited to employees, so I apologize if I've misled the Court. And how do you respond to the reservation of rights? Very simply. The reservation of rights is a completely circular argument because it says it can be amended or suspended, et cetera, quote, except as may otherwise be provided in collective bargaining agreements. So if we are correct that the collective bargaining agreement includes lifetime medical care, then that opportunity for lifetime medical care limits the company's ability to terminate it. If that's the language, wouldn't you have to have an affirmative statement in the contract that would enable you to make that argument, an affirmative statement of coverage? Well, the reason I don't think that's true, Your Honor, is that the reference to the exception is the entire collective bargaining agreements. We would have to go through every single provision of this very long collective bargaining agreement and identify what that is, which is not necessary in a situation in which there is a reservation of rights that we have insisted include a recognition that the superior document in that case isn't the plan or the reservation of rights, it's the collective bargaining agreement. Because the entire collective bargaining agreement is included in that limitation on the reservation of rights, it becomes circular. But in order for your retirees to have the rights, they had to have obtained them through a collective bargaining agreement, right? Yes. And so if it is the genesis of their right, then why wouldn't that language apply? The language does apply because the collective bargaining agreement does, in our view, convey lifetime medical benefits, and those lifetime medical benefits then exist as an exception to what the company can utilize its reservation of rights for. Thank you. Thank you very much. You're welcome. Thank you. The light there is on. Very good arguments. The case is submitted. There being no further cases for argument,